# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ZACK ZAFER DYAB,

    Petitioner,

v.                                          CASE NO. 18-3290-JWL

NICOLE C. ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. Petitioner challenges his conviction and sentence for money laundering. The Court has screened his Petition (Docs. 1, 2) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

**Background**

Petitioner pleaded guilty in 2010 to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 371, and money laundering, in violation of 18 U.S.C. § 1957. The court sentenced him to concurrent terms of five years' imprisonment and ten years' imprisonment, respectively. The court also ordered Petitioner to pay approximately $6.4 million in restitution. Petitioner did not appeal. In 2012, Petitioner sought relief under 28 U.S.C. § 2255. The district court denied his motion, and the Eighth Circuit Court of Appeals affirmed. *Dyab v. United States*, 546 F. App'x 601 (8th Cir. 2013) (per curiam). Petitioner sought to bring a second § 2255 motion under the guise of Federal Rule of Civil Procedure 60(b). The district court denied the motion on the ground that it was a second or successive § 2255 motion that was not authorized by the court of

appeals, and the Eighth Circuit Court of Appeals summarily affirmed.

In October 2014, the government moved to amend the restitution portion of Petitioner's judgment, and Petitioner filed his third § 2255 motion attacking the new judgment. Petitioner claimed that the court's entry of an amended judgment violated his right to due process, and that he is actually innocent of money laundering. The district court denied the motion. The court granted a certificate of appealability, Petitioner appealed, and the Eighth Circuit Court of Appeals denied the appeal on May 4, 2017. *Dyab v. United States*, 855 F.3d 919 (8th Cir. 2017). The Eighth Circuit found that the district court's order amending Petitioner's judgment did not result in a new sentence or judgment that would permit Petitioner to file a successive § 2255 motion. *Id*. at 923–24. Petitioner filed a petition for writ of certiorari which was denied on October 2, 2017. *Dyab v. United States*, 138 S. Ct. 239 (2017).

On November 30, 2018, Petitioner filed the instant petition under 28 U.S.C. § 2241, arguing that his conviction and sentence for money laundering in violation of 18 U.S.C. § 1957 is invalid under *United States v. Santos*, 553 U.S. 507 (2008). Petitioner invokes the savings clause of § 2255(e), arguing that § 2255 is inadequate or ineffective to test the legality of his detention.

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims. Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to

"vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

When a petitioner is denied relief on his first motion under § 2255, he cannot file a second § 2255 motion unless he can point to either "newly discovered evidence" or "a new rule of constitutional law," as those terms are defined in § 2255(h). *Haskell v. Daniels*, 510 F. App'x 742, 744 (10th Cir. 2013) (unpublished) (citing *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011)). Preclusion from bringing a second motion under § 2255(h) does not establish that the remedy in § 2255 is inadequate or ineffective. Changes in relevant law were anticipated by Congress and are grounds for successive collateral review only under the carefully-circumscribed conditions set forth in § 2255(h).

The Tenth Circuit has rejected an argument that the "current inability to assert the claims in a successive § 2255 motion—due to the one-year time-bar and the restrictions identified in § 2255(h)—demonstrates that the § 2255 remedial regime is inadequate and ineffective to test the legality of his detention." *Jones v. Goetz*, No. 17-1256, 2017 WL 4534760, at *5 (10th Cir. 2017) (unpublished) (citations omitted); *see also Brown v. Berkebile*, 572 F. App'x 605, 608 (10th Cir. 2014) (unpublished) (finding that petitioner has not attempted to bring a second § 2255 motion,

3

and even if he were precluded from doing so under § 2255(h), that "does not establish the remedy in § 2255 is inadequate") (citing *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) and *Prost*, 636 F.3d at 586). If § 2255 could be deemed "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction—subsection (h) would become a nullity, a 'meaningless gesture.'" *Prost*, 636 F.3d at 586; *see also Hale*, 829 F.3d at 1174 ("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

The AEDPA "did not provide a remedy for second or successive § 2255 motions based on intervening judicial interpretations of statutes." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013), *cert. denied* 134 S. Ct. 1874 (2014). However, prisoners who are barred from bringing second or successive § 2255 motions may still be able to petition for habeas relief under the savings clause in § 2255(e). *Id*. However, § 2255 has been found to be "inadequate or ineffective" only in "extremely limited circumstances." *Id*. (citations omitted).

Petitioner argues that § 2255 is inadequate or ineffective to test the legality of his detention, conviction and sentence on the basis of *Santos*, "because the argument was unavailable to his crime of conviction." (Doc. 2, at 8.) Although *Santos* was decided in 2008 and Petitioner was sentenced in 2011, Petitioner claims that he was "completely and utterly precluded from prevailing on an argument" based on *Santos* because "[f]rom the moment [his] criminal case began, Eighth Circuit precedent foreclosed his claims as well as its sister circuit's because the Santos interpretation was evolving." *Id*. at 9. Petitioner also acknowledges that he raised the *Santos* argument in the § 2255 motion he filed in 2014. *Id*.

The Tenth Circuit has held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail under it, that is determinative. To invoke the savings clause, there

must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost*, 636 F.3d at 589 (stating that "the fact that Mr. Prost or his counsel may not have *thought* of a *Santos*-type argument earlier doesn't speak to the relevant question whether § 2255 *itself* provided him with an adequate and effective remedial mechanism for testing such an argument"). "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id*. (emphasis in original).

This Court is bound by Tenth Circuit precedent which addresses the question of "whether a new Supreme Court decision interpreting a statute that may undo a prisoner's conviction renders the prisoner's initial § 2255 motion 'inadequate or ineffective.'" *Haskell*, 510 F. App'x at 744. The Tenth Circuit answered the question in the negative in *Prost*, holding that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion[,] . . . then the petitioner may not resort to . . . § 2241." *Prost*, 636 F.3d at 584.

Nothing about the procedure of Petitioner's prior § 2255 motions prevented him from making this same argument despite his claim that the Supreme Court decision he seeks to rely on was still evolving.[1] The Tenth Circuit has concluded that although a petitioner may have benefitted from a cite to a Supreme Court decision announced after his § 2255 motion, this is not reason enough to find the original § 2255 motion "inadequate or ineffective." *See Prost*, 636 F.3d at 589; *Haskell*, 510 F. App'x at 745; *Sandlain*, 2017 WL 4479370, at *3 ("Nor does it matter that *Mathis* was not in existence at the time he filed his initial § 2255 motion").

---

[1] The Court expresses no opinion on the applicability of *Santos* to Petitioner's claim. *See Haskell*, 510 F. App'x at 745, n.4; *see also Sandlain v. English*, No. 17-3152, 2017 WL 4479370, at n.8 (10th Cir. 2017).

5

The Tenth Circuit's new test in *Prost* also provides that § 2255 is not "inadequate or ineffective" merely because adverse circuit precedent existed at the time. *Abernathy*, 713 F.3d at 548 (citing *Prost*, 636 F.3d at 590–93); *Sandlain*, 2017 WL 4479370, at *3 ("[E]ven assuming there was contrary circuit precedent, nothing prevented him from raising the argument in his initial § 2255 motion and then challenging any contrary precedent via en banc or certiorari review."); *see also Lewis v. English*, 736 F. App'x 749, 752 (10th Cir. June 5, 2018) (unpublished) (noting that anticipating *Mathis* and arguing it in the face of conflicting circuit precedent would be an "uphill battle," but petitioner "at least had the *opportunity* to take this path").

The Tenth Circuit has also rejected the argument that the decision in *Prost*—rejecting the erroneous circuit foreclosure test—violates equal protection. *Brown*, 572 F. App'x at 608 ("We reject this argument because a circuit split does not deny Mr. Brown equal protection.") (citations omitted). Petitioner *could* have made his argument, regardless of the likelihood of success on such an argument, even if it was foreclosed by then-controlling circuit precedent. *Abernathy*, 713 F.3d at 548. "The savings clause doesn't guarantee results, only process." *Id.* (quoting *Prost*, 636 F.3d at 590).

In *Abernathy*, the Tenth Circuit noted that although other circuits "have adopted somewhat disparate savings clause tests, most requir[ing] a showing of 'actual innocence' before a petitioner can proceed under § 2241. . . . Under the *Prost* framework, a showing of actual innocence is irrelevant." *Abernathy*, 713 F.3d at n.7 (citations omitted); *see also Sandlain*, 2017 WL 4479370, at *4 (finding that petitioner's claim that § 2255 is inadequate or ineffective because he is actually innocent of the career offender enhancement under *Mathis*, merely restates the argument he could have brought in his initial § 2255 motion, and possible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence); *see also Brown*,

6

572 F. App'x at 608–09 (rejecting argument that petitioner is actually innocent and that the court's failure to follow the other circuits in *Prost* violated the Supreme Court's "fundamental miscarriage of justice" exception).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Petitioner has failed to meet that burden. The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction. Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 28th day of December, 2018.**

                                          **S/   John W. Lungstrum**
                                          **JOHN W. LUNGSTRUM**
                                          **UNITED STATES DISTRICT JUDGE**