# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ZACK ZAFER DYAB,

    Petitioner,

v.                                                                CASE NO. 18-3290-JWL

NICOLE C. ENGLISH, Warden,
USP-Leavenworth,

    Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. Petitioner challenges his conviction and sentence for money laundering. On December 28, 2018, the Court dismissed the petition without prejudice for lack of statutory jurisdiction. (Docs. 3, 4.) On January 9, 2019, Petitioner filed a Motion for Transfer to Cure Want of Jurisdiction (Doc. 5) and a Notice of Appeal (Doc. 6).

On November 30, 2018, Petitioner filed the instant petition under 28 U.S.C. § 2241, arguing that his conviction and sentence for money laundering in violation of 18 U.S.C. § 1957 is invalid under *United States v. Santos*, 553 U.S. 507 (2008). Petitioner invoked the savings clause of § 2255(e), arguing that § 2255 is inadequate or ineffective to test the legality of his detention. The Court found that Petitioner failed to meet his burden to show that the remedy under §2255 is inadequate or ineffective, that the savings clause of § 2255(e) does not apply, and that therefore the Court lacks statutory jurisdiction.

Petitioner's motion to transfer seeks to have his petition transferred to the Eighth Circuit pursuant to 28 U.S.C. § 1631 and/or construed as a motion to cure or waiver of defects under 28

1

U.S.C. § 1406(a). Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Section 1406 provides in pertinent part that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Court denies Petitioner's motion to transfer because neither of the statutes relied upon apply to Petitioner's case. Both statutes provide for transfer to a court "in which the action could have been brought." Because Petitioner was confined at USP-Leavenworth in Leavenworth, Kansas, at the time he filed his petition, this Court was the only proper jurisdiction for filing. "An inmate who seeks relief under § 2241—whether by way of § 2255's savings clause or otherwise—must file his petition in the district of confinement and not in the district of conviction." *United States v. Middleton*, 2013 WL 5671161, at *2 (N.D. Fla. Oct. 17, 2013) (citing *United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008) (noting that, "[w]hen § 2255 'appears . . . inadequate or ineffective to test the legality of his detention,' § 2255(e), . . . a federal prisoner may seek habeas relief from the court in the district of his confinement under § 2241"); *United States v. Prevatte*, 300 F.3d 792, 799 n. 2 (7th Cir. 2002) (noting that "[a] § 2241 petition, even when sought by way of the savings clause of § 2255, must be filed in the district of

confinement [and] not the district where the case was tried") (internal quotation marks omitted); *Lee v. Wetzel*, 244 F.3d 370, 374–75 (5th Cir.2001) (concluding that a § 2241 petition must be heard in the district of confinement even if the petition contests that legality of a sentence under the savings clause)); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement").

Petitioner also filed a Notice of Appeal and has not submitted the appellate filing fee of $505.00. The Court directs Petitioner to submit the filing fee or a motion to proceed on appeal in forma pauperis to the Clerk of the Court on or before February 8, 2019.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Transfer to Cure Want of Jurisdiction (Doc. 5) is **denied.**

**IT IS FURTHER ORDERED THAT** Petitioner shall submit the filing fee or a motion to proceed on appeal in forma pauperis to the Clerk of the Court on or before **February 8, 2019.**

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 10th day of January, 2019.**

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE